Dear Mr. Guinn:
I am in receipt of your opinion request for an Attorney General's opinion concerning the Tuition Opportunity Program for Students (TOPS). As you stated in your request, TOPS was intended to combine and replace two existing scholarship programs known as the Tuition Assistance Program (LSA-R.S. 17:3042.31). Provisions under each of these programs give a procedure for transferring a student who has received a scholarship under the TAP or Honors Program into the TOPS program.
In your request, you ask the following questions:
 1) Under the provisions of LSA-R.S. 17:3042.34, at what point in the process of qualifying to attend a postsecondary institution has a student "redeemed" a Louisiana Honors Scholarship?
 2) Under the provisions of LSA-R.S. 17:3042.36, no student is eligible for a Louisiana Honors Scholarship that "would be received for the first time beginning with the 1998-1999 school year." A student is notified of eligibility upon graduation from high school. The tuition is not paid until OSFA has received notification from the postsecondary institution that the student is enrolled full-time after the last add/drop date. At what point has a student "received" a scholarship within the meaning of the statute?
 3) Under the provisions of LSA-R.S. 17:3042.36, only students "to whom tuition payment has been awarded under this Section prior to 1998-1999" are entitled to tuition under TOPS. At what point has a student "been awarded" a "tuition payment" prior to 1998-1999?
 4) In the case of student who was named a Louisiana Honors Scholar upon graduation from high school in 1996, who first applied for attendance at an eligible postsecondary institution in Louisiana for the 1998-99 school year and was accepted and registered for class, but had not previously redeemed the scholarship award nor been determined "full time" by the college attended, has that student met the requirements of LSA-R.S. 17:3042.36 and is that student eligible to receive tuition payments under TOPS (LSA-R.S. 17:3048.1)?
LSA-R.S. 17:3042.34 provides the following concerning redeeming a scholarship award:
 A. To redeem a scholarship as provided by this Chapter, a recipient:
 (1) Shall be a bona fide Louisiana resident as determined by rules established by the Louisiana Student Financial Commission in accordance with R.S. 17:3042.35.
 (2) Shall have been accepted to attend a public or independent college or university or public postsecondary technical institution in the state and shall have registered as a full-time student in the college or university or technical institute.
 (3) Shall have been certified as provided by this Chapter to have graduated among the top five percent of his high school graduating class.
 (4) Repealed by Acts 1997, No. 1283, § 2, eff. July 15, 1997.
 (5) Shall have achieved at least a minimum cumulative high school grade point average of 3.00 on a maximum 4.00 scale.
 B. A recipient may continue to redeem a scholarship provided he:
 (1) Continues to attend a Louisiana public or independent college or university or public postsecondary technical institute as a full-time student.
 (2) Maintains as of the end of each academic year or other comparable period for attendance at the public postsecondary technical institute, a cumulative higher education grade point average of at least 3.0 on a 4.0 scale or its equivalent. The maintenance of this required grade point average shall be verified by the college or university or technical institute attended.
 (3) Earns not less than twenty-four hours total credit during the fall, winter, and spring terms of the preceding award year at an institution which requires twelve semester hours or eight quarter hours at the minimum for full-time undergraduate status, unless granted an exception for cause by the administering agency of the program. (Emphasis added).
In your first question, you ask at what point in the process of qualifying to attend a post-secondary institution has a student "redeemed" a Louisiana Honors Scholarship. In the present situation, Kristen Cole graduated from high school in May of 1996 and was awarded an Honors Scholarship by letter dated July 9, 1996, from OSFA. Ms. Cole attended William Carey College in Hattiesburg, Mississippi, for the 1996-1997, 1997-1998 school years. In the Spring of 1998, Ms. Cole registered to attend Southeastern Louisiana University beginning in August, 1998, (Fall Semester) and attempted to redeem the Louisiana Honors Scholarship she was awarded. It appears that Ms. Cole would have fulfilled all of the conditions as set forth in LSA-R.S. 17:3042.34 other than A(2) prior to being sent the scholarship letter.
LSA-R.S. 17:3042.I(F) states that "[t]he commission may prescribe such rules and regulations as it deems necessary and proper to carry out the purposes of this chapter." As indicated in the letter to Ms. Cole, the Office of Student Financial Assistance requires the following to receive a tuition award from this program:
 1. Enroll full-time and accept the Honors Scholarship at an eligible institution during the fall, winter or spring terms within two years of high school graduation.
 2. Not be accepting another total tuition waiver or tuition award from the state or higher education institution; and
 3. Not be receiving other financial aid which, together with award of the Honors Scholarship, would exceed your total cost of attendance.
LSA-R.S. 17:3042.34 (A)(2) requires a student to "register" with a college, university or technical institute. OSFA's rule (V.C.1.d) requires, in part, a student to:
 Enroll and accept Honors Scholarship funding as a full-time undergraduate student during a fall, winter or spring term at a public or regionally accredited LAICU member independent college or university or a campus of Louisiana Technical College (formerly referred to as State Technical Institutes and Vocational Technical Schools), within 2 years of high school graduation. If previously attended college, must meet all other statutory and regulatory continuing eligibility provisions;. . . .
Although registration and enrollment are not defined by statute or in OSFA's rules, LSA-R.S. 17:3042.32(B)(b) defines "full-time attendance" as follows:
 For the purposes of this Chapter, "full-time attendance" at a public or independent college or university means registering for not less than twelve semester hours per semester or eight semester hours per quarter or six semester hours per summer session or the minimum number of hours required by the institution for full-time standing in a specified course of study or the required number of hours needed to complete the undergraduate program during that term. (Emphasis added).
The term "register" is defined by Webster's Dictionary in a number of ways: "a written record containing regular entries"; "a book or system of public records"; "a list of signatures"; "an entry in a register"; "to record formally and exactly"; "to make or secure an official entry"; "to enroll formally"; "to record automatically"; "to enter in a formal record"; to engage or assist in the formal enrollment of in a school or course." The construction given words in a statute, and by implication a regulation, should be their generally prevailing meaning. LSA-R.S.1:3; La. C.C. Arts. 9 and 11; see Attorney General's Opinion No. 98-265. The definitions above contemplate that the act of registration is accomplished by the school adding a name to a list of names in a document that records the names of students that the school anticipates will attend. In other words, registration presupposes some "act" by the accepted student by which he or she signifies acceptance of the school's offer of acceptance, short of actual attendance.
Although the TOPS program as discussed in 17:3048.1
requires "enrollment" of students, the Louisiana Honor Scholarship Program only requires "registration." Additionally, LSA-R.S. 17:3042.36, which is cited below, states that a student to whom tuition payment has been awarded pursuant to an Honors Scholarship prior to 1998-1999 shall receive their award as a Performance Award without the application to the student of any initial or continuing eligibility requirements of that program. Even though LSA-R.S. 17:3042.1(F) states that the commissioner may prescribe rules and regulations to carry out the Louisiana Honors Scholarship Programs, the intent of the Legislature appears to require registration of a student to redeem such a scholarship.
Therefore, in answer to your first question it appears that Ms. Cole would have "redeemed" a Louisiana Honors Scholarship if she met all of the requirements as set forth in LSA-R.S. 17:3042.34 and registered in a public or independent college or university or public postsecondary technical institute within two years of high school graduation. Please refer to LSA-R.S. 17:3042.34(B) for the procedure of how a recipient may continue to redeem a scholarship.
When the student registered the scholarship is "redeemed." There is no statutory time limit for such redemption. The LOSFA Commission rule requiring redemption within 2 years of graduation creates an additional condition of redemption beyond the statutory conditions or § 3042.34A, and is therefore ultravires and invalid. If the Legislature had intended to limit when the TOPS Scholarships could be redeemed, it could have clearly so stated. Legislative delegation of rule making authority to an executive branch agency does not include the power to arbitrarily adopt rules that result in amendments to legislation. State vs.Domangue, 649 So.2d. 1034 (1994).
In your second question, you ask at what point has a student "received" a scholarship within the meaning of LSA-R.S. 17:3042.36. LSA-R.S. 17:3042.36 states:
 No student shall be eligible to apply for any tuition or other assistance pursuant to the Chapter that would be received for the first time beginning with the 1998-1999 school year. All students to whom tuition payment has been awarded under this Section prior to 1998-1999 school year shall receive their award as a Performance Award pursuant to R.S. 17:3048.1(A)(1)(d) without the application to the student of any initial or continuing eligibility requirements of that program which exceed the requirements of this Chapter and without the application of any limitations of that program which would detrimentally affect the student.
The first sentence of this statute states that a student shall not be eligible to apply for any tuition or assistance pursuant to the Louisiana Honors Scholarship Program, which is now to be regarded as a TOPS scholarship, if the tuition would be received for the first time beginning with the 1998-1999 school year. This statute was enacted in 1997 and effective in August of that year. Since Ms. Cole graduated high school in the Spring of 1996, she would have already applied for and received her scholarship by then.
You ask at what point has a student "received" a scholarship within the meaning of the statute. The scholarship is received once the student is sent a scholarship letter, awarded a certificate as discussed in LSA-R.S. 17:3042.33 and redeems the award as specified in LSA-R.S. 17:3042.34. The fact that the tuition is not paid until OSFA has received notification from the institution that the student is enrolled full-time is not determinative of when a student has received a scholarship.
In your third question, you ask at what point has a student "been awarded" a "tuition payment." Provided a student fulfills the conditions of redeeming the scholarship, OSFA is committed to the tuition payment once a scholarship has been awarded and a certificate has been given to a student. Tuition payment is awarded at this time as opposed to the actual date that tuition payment is received by the college or university.
In answer to your fourth question, you state that a student graduated in 1996, applied for attendance at an eligible post secondary institution in Louisiana for 1998-1999 school year, was accepted and registered for class, but had not previously redeemed an Honors Scholarship Award. You indicate that it had not been determined that this student was a "full-time" student. You ask whether the student has met the requirements of LSA-R.S. 17:3042.36 and whether this student is eligible to receive tuition payments under TOPS.
As discussed above, the Honors Scholarship was awarded when the student was sent her scholarship letter and subsequently received her certificate at the scholarship ceremony. The recipient of this scholarship must fulfill the conditions of redeeming the scholarship as set forth in 17:3042.34, but provided she does, she has received the scholarship when the scholarship was awarded to this student. There is a conditional obligation (La. C.C. Art. 1767) by OSFA to the tuition payment for the scholarship provided the student meets the conditions of redeeming the scholarship. Therefore, the student has met the requirements of LSA-R.S. 17:3042.36 and the student is eligible to receive tuition payments under TOPS.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: BETH C. LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc